Selina M. Daley
vs.                    No. 76756.
Clinton N. Ryder

October 31, 1930.

SUMNER, J.  Plaintiff brought suit to recover damages for the failure of the defendant to carry out a contract for sale of real estate. The jury returned a verdict for the plaintiff for $639.15. Defendant has moved for a new trial and, among other grounds, alleges the discovery of new and material evidence.

There was a contract between the parties on April 25, 1928, under which the defendant was to deliver a deed to the plaintiff within ten days and plaintiff was to pay the sum of $500 in cash and give two mortgages for the balance of the purchase price. The defendant failed to deliver a deed within ten days and the plaintiff brought suit on the 12th of July, 1928, for recovery of the cash purchase price and expenses incurred by her.

The defendant claimed that the plaintiff was informed prior to the execution of the contract that the sale of the property by him had been enjoined by one Da Costa and that he could not deliver the deed until the injunction was dissolved. In this contention he is sustained by the testimony of the broker who negotiated the sale.

It further appears that the restraining order was dissolved on November 15, 1928.

The plaintiff's case is based upon the proviso in the contract that the deed should be delivered within ten days.

There is an affidavit by Albert A. and Sylvia J. Moreland that at various times when they were present in the office of the broker, Mrs. Daley admitted that she knew of the injunction in the Da Costa case before the execution of the agreement and that she called repeatedly at the office to inquire when the Da Costa case would be finished and Mr. Ryder able to give the deed; that she stated that her placing an attachment upon the property of the defendant would not prevent her from going through with the deal.

The plaintiff testified that she learned of the injunction after the execution of the agreement and agreed to wait thirty days and from time to time 'til after the Da Costa case was finished.

The plaintiff on cross-examination made the significant admission that she was willing to take the property at the price then but that she wanted it cheaper now. It may be that the failure on her part to wait for the termination of the Da Costa litigation was actuated by the desire to obtain the property at a lower price.

The Court feels that the affidavit of the Morelands as to Mrs. Daley's knowledge of the injunction is important and that this, together with the somewhat equivocal attitude of the plaintiff, justifies the granting of a new trial.

Defendant's motion for a new trial is granted.

For plaintiff: Vance & Vance.

For defendant: Thos. P. Corcoran.